
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROSEMARY CONTRERAS,

              Plaintiff - Appellant,

  v.

MICHAEL J. ASTRUE, Commissioner of
Social Security,

              Defendant - Appellee.

No. 09-15657

D.C. No. 3:06-cv-06017-MEJ

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Maria-Elena James, Magistrate Judge, Presiding

Argued and Submitted April 16, 2010
San Francisco, California

Before: TASHIMA and THOMAS, Circuit Judges, and STAFFORD, Senior
District Judge.[**]

    Rosemary Contreras appeals an adverse grant of summary judgment

upholding the Commissioner of Social Security's denial of her application for

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable William S. Stafford, United States District Judge for
the Northern District of Florida, sitting by designation.

disability insurance benefits under Title II of the Social Security Act.  We reverse and remand.

We review de novo a district court's order affirming the denial of social security benefits and set aside the denial "only if it is not supported by substantial evidence or is based on legal error." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quotations omitted).  "Substantial evidence . . . is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotations omitted).  Because the factual and procedural background is familiar to the parties, we will not recount it here.

Contreras contends that the administrative law judge ("ALJ")  erred at step two of the five-step disability inquiry in finding that the fibromyalgia diagnosis of her treating physician, Dr. Dixit, was not "medically determinable."  We agree.  An ALJ must provide "specific and legitimate" reasons for discounting the contradicted opinion of a treating physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  That standard is not satisfied here.

The only rheumatologist to examine Contreras, Dr. Dixit, diagnosed the disease and documented sufficient clinical findings to support his diagnosis. Although Dr. Dixit's notes do not identify the number or location of any specific tender points, he diagnosed Contreras in February 2002 "after a full history and

physical examination" with fibromyalgia. In June 2003, Dr. Dixit indicated that Contreras "struggles on daily basis with severe fatigue, depression, increase in migraines, and multiple tender points throughout the body." Three months later, he wrote that Contreras was "disabled" by her fibromyalgia. In April 2005, Dr. Dixit observed that Contreras had tender points in a "widespread distribution" satisfying the "ACR criteria for fibromyalgia."

The testimony of non-examining physician Dr. Minor does not provide substantial evidence for the ALJ's holding. Dr. Minor initially testified that the fibromyalgia diagnosis was "consistent" with Contreras's history and records and merely conceded on questioning that Dr. Dixit had not specified the number or location of her tender points. Dr. Minor did not have access to Dr. Dixit's April 2005 notation that Contreras satisfied the ACR criteria for fibromyalgia. Moreover, this Court has not required documentation of a fibromyalgia diagnosis at that level of specificity. *See Benecke v. Barnhart*, 379 F.3d 587, 590, 594 (9th Cir. 2004) (holding that an ALJ errs in requiring objective evidence for a disease such as fibromyalgia that "is diagnosed entirely on the basis of patients' reports of pain and other symptoms" and "that eludes such measurement").

While several consultative examining and non-examining physicians declined to diagnosis fibromyalgia, a "rheumatologist's opinion is given greater

weight than those of . . . other physicians because it is an 'opinion of a specialist about medical issues related to his or her area of specialty.'" *Id.* at 594 n.4 (quoting 20 C.F.R. § 404.1527(d)(5)). Specialized knowledge is "particularly important with respect to a disease such as fibromyalgia that is poorly understood within much of the medical community." *Id.* Accordingly, we conclude that the ALJ erred in finding Contreras's fibromyalgia diagnosis not "medically determinable." We do not – and need not – address any other issue raised by the parties.

In light of the discussion above, we reverse the judgment of the district court, with instructions to remand this case to the agency for a redetermination of eligibility for benefits consistent with this disposition.

**REVERSED and REMANDED.**